# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES JEROME BLACK and MARY ALICE BLACK, | CIVIL ACTION NO. 3:05-CV-1951 |
| Plaintiffs, | |
| v. | (JUDGE CAPUTO) |
| METSO PAPER USA, INC.; SANDVIK, INC.; and PENNSYLVANIA EXTRUDED TUBE COMPANY, a joint venture formed as a partnership between SMI EXTRUDED TUBE, INC. and SANDVIK EXTRUDED TUBE, INC., | |
| Defendants. | |

## MEMORANDUM

Presently before the Court are Defendant Metso Paper USA, Inc.'s Motion to Partially Dismiss Plaintiffs' Amended Complaint Pursuant to Rule 12(b)(6) (Doc. 11); Defendant Pexco's Motion to Partially Dismiss Plaintiffs' Complaint Pursuant to Rule 12(b)(6) (Doc. 40); and Motion of Defendants Sandvik, Inc., Pennsylvania Extruded Tube Company and Sandvik Extruded Tube, Inc. to Dismiss Plaintiffs' Amended Complaint (Doc. 41).  For the reasons set forth below, the Court will grant each motion in part and deny it in part.  Defendant removed this action from the Lackawanna County Court of Common Pleas pursuant to 28 U.S.C. § 1441.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d).

## BACKGROUND

According to the facts as alleged in Plaintiffs' Amended Complaint, this case

involves a proposed class action for medical monitoring, environmental testing, environmental cleanup and monitoring, diminution in property value, and economic damages brought on behalf of individuals who reside and/or own property in the vicinity of Defendants' industrial plants located in the Ivy Industrial Park in South Abington Township, Pennsylvania.  (Doc. 9, ¶ 1.)

Plaintiffs James Jerome Black and Mary Alice Black, husband and wife, jointly owned and lived in a home located less than a mile from Defendants' industrial plants. (Doc. 9, ¶ 3.)   Defendants Metso Paper USA, Inc. ("Metso"), Sandvik, Inc., and Pennsylvania Extruded Tube Company ("PEXCO") are business entities located at Ivy Industrial Park. (Doc. 9, ¶¶ 4-6).  PEXCO is a joint venture formed as a partnership between SMI Extruded Tube, Inc. ("SEXTI") and Sandvik Extruded Tube, Inc.  (Doc. 9, ¶ 6.)

Plaintiffs allege that Defendants released the contaminants trichloroethylene ("TCE") and tetrachloroethylene ("PCE") and contaminated, among other things, water sources, including residential wells, within the vicinity of their plants.  (Doc. 9, ¶ 1.)

TCE is a commonly used industrial solvent.  (Doc. 9, ¶ 20.)  It dissolves moderately in water, but can remain in ground water indefinitely.  *Id.*  Drinking large amounts of TCE may cause nausea, liver damage, unconsciousness, impaired heart function, or death.  *Id.*  Drinking small amounts of TCE for long periods may cause liver and kidney damage, impaired immune system function and impaired fetal development in pregnant women.  *Id.*

PCE is also a commonly used industrial solvent.  (Doc. 9, ¶ 22.)  Unsafe concentrations of PCE, particularly in closed, poorly ventilated areas, can cause

dizziness, headache, sleeplessness, confusion, nausea, difficulty in speaking and walking, unconsciousness and death.  *Id.*

Plaintiffs received notification that their residential well tested positive for the presence of TCE and PCE.  (Doc. 9, ¶ 24.)  The TCE level was 10.9 ppb, and the PCE level was also 10.9 ppb.  *Id.*  In drinking water, any TCE or PCE level above 5 ppb is considered unhealthy.  *Id.*  Before they received notification that their well was contaminated, Plaintiffs ingested water from their well. (Doc. 9, ¶ 25.)

Plaintiff James Black commenced this action by filing a Complaint against Defendant Metso in the Lackawanna County Court of Common Pleas.  Thereafter, Metso removed this action on September 27, 2005.  (Doc. 1.)  On November 2, 2005, Plaintiff filed an Amended Complaint naming Mrs. Black's as an additional plaintiff, and adding Sandvik, Inc. and PEXCO as defendants.  (Doc. 9.)

The Amended Complaint seeks recovery under the common law of negligence (Count I) and the Hazardous Sites Cleanup Act ("HSCA"), 35 PA. CONS. STAT. § 6020.101, *et seq.* (Count II).  (Doc. 9.)  Under their negligence claim, Plaintiffs seek establishment of a medical monitoring fund, environmental testing, cleanup and monitoring, recovery for diminution in property value, and recovery of expenses associated with obtaining healthy water.  (Doc. 9, ¶¶ 42-51.)  Under their HSCA claim, Plaintiffs seek recovery of response costs.  (Doc. 9, ¶ 58.)  Plaintiffs identify response costs as the costs of: (a) reasonable and necessary testing of the sites within the plume of potential contamination; (b) the reasonable and necessary costs of remediation and cleaning of the site; (c) relocation costs; (d) diminution of property value; (e) costs associated with obtaining healthy water; and (f) costs of medical monitoring for those

persons exposed to TCE and PCE. *Id.* Lastly, Plaintiffs claim a right to punitive damages. (Doc. 9, ¶ 59.)

On November 18, 2005, Defendant Metso filed a Motion to Partially Dismiss Plaintiffs' Amended Complaint. (Doc. 11.) On March 6, 2006, Defendant SEXTI filed a Motion to Partially Dismiss Plaintiffs' Complaint. (Doc. 40.) Then, on March 7, 2006, Defendants Sandvik, Inc., PEXCO and Sandvik Extruded Tube, Inc. filed a Motion to Dismiss Plaintiffs' Amended Complaint. (Doc. 41.) These motions are fully briefed and ripe for disposition.

## LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. Dismissal is appropriate only if, accepting all factual allegations in the complaint as true and "drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations in the complaint." *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.,* 140 F.3d 478, 483 (3d Cir. 1998).

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The Court may also consider "undisputedly authentic" documents where the plaintiff's claims are based on the documents and the defendant has attached a copy of the document to the motion to dismiss. *Id.* The Court need not assume that the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. West Penn*

*Power Co.*, 147 F.3d 256, 263 (3d Cir. 1998), nor credit a complaint's "bald assertions" or "legal conclusions." *Morse v. Lower Marion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997).

When considering a Rule 12(b)(6) motion, the Court's role is limited to determining whether the plaintiff is entitled to offer evidence in support of the claims. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). The Court does not consider whether the plaintiff will ultimately prevail. *See id.* In order to survive a motion to dismiss, the plaintiff must set forth information from which each element of a claim may be inferred. *See Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). The defendant bears the burden of establishing that the plaintiff's complaint fails to state a claim upon which relief can be granted. *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

## DISCUSSION

**1.     Leave to File a Second Amended Complaint**

Defendants Sandvik, PEXCO, and Sandvik Extruded Tube argue, first, that Plaintiffs' negligence claims against Defendants must be dismissed because Plaintiffs' Amended Complaint serves as a judicial admission that the contamination of Plaintiffs' well was caused by a party other than Sandvik, PEXCO, or Sandvik Extruded Tube. In particular, Defendants note that Plaintiffs' Amended Complaint states the following:

> The presence of TCE and PCE found in the Blacks'
> water source occurred as a direct result of the release
> and contaminations which *originated at the Metso plant.*

(Doc. 9, ¶ 26) (emphasis added).

Plaintiffs' responded in a Surreply Brief (Doc. 48) filed with the Court that the failure to name Sandvik, PEXCO, and Sandvik Extruded Tube in paragraph 26 is due to a

scrivener's error, through which the paragraph was inadvertently left as previously worded in Plaintiffs' initial complaint that had been filed only against Defendant Metso.  In order to correct the error, Plaintiffs seek leave from the Court to file the Second Amended Complaint attached to Plaintiffs' Surreply Brief (Doc. 48).

Although the Court, generally, will not entertain a surreply brief filed without leave from the Court and despite the unusual manner of requesting leave to amend their complaint, I find that the interests of justice require that I entertain Plaintiffs' request.

    **a.**    **Rule 15**

Under Rule 15(a) of the Federal Rules of Civil Procedure, "a party may amend the party's pleadings . . . by leave of court . . . and leave shall be freely given when justice so requires."  FED. R. CIV. P. 15(a).  While Rule 15 liberally allows leave to amend be "freely given," district courts have the discretion to deny a motion for leave to amend where it is apparent from the record that: (1) there is undue delay, bad faith or dilatory motive; (2) the amendment would be futile; or (3) the amendment would prejudice the other party. *See Lake v. Arnold,* 232 F.3d 360, 373 (3d Cir. 2000).

It is within the sound discretion of the trial court to determine whether a party shall have leave to amend pleadings out of time.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing*, 663 F.2d 419, 425 (3d Cir. 1981).  In the Third Circuit, the touchstone for the denial of leave to amend is undue prejudice to the non-moving party.  *See Heyl*, 663 F.2d at 425; *Cornell & Co., Inc. v. OSHRC*, 573 F.2d 820, 823 (1978).

In the present case, I find no indication that granting Plaintiffs' request will result in undue prejudice to Defendants.  Therefore, I will grant Plaintiffs' request and the Clerk of Court will be directed to detach and file the Second Amended Complaint attached to

Plaintiffs' Surreply Brief (Doc. 48) as Exhibit "B".  As such, Defendants' motion to dismiss will be denied to the extent it seeks dismissal of Plaintiffs' negligence claims on the basis that Plaintiffs' Amended Complaint serves as a judicial admission.

Plaintiffs' Second Amended Complaint differs from their Amended Complaint (Doc. 9) in only two ways.  First, paragraph 26 is revised to read:

> The presence of TCE and PCE found in the Blacks' water source occurred as a direct result of the release and contaminations which *originated at the Metso's. Sandvik's and/or PEXCO's facility/facilities at Ivy Industrial Park.*

Second, Plaintiffs have eliminated their request for treble damages.  Plaintiffs' Second Amended Complaint is otherwise identical to their Amended Complaint.  Therefore, I will still address the remainder of Defendants' motions to dismiss.

**2.     Count I - Common Law Negligence**

Defendants Sandvik, PEXCO, Sandvik Extruded Tube, and Defendant SEXTI, next, argue that Plaintiffs' negligence claims against them should be dismissed because Plaintiffs have failed to allege that Defendants owed a duty of care to Plaintiffs.  Plaintiffs counter that they have complied with the notice pleading requirements set forth by the Federal Rules of Civil Procedure.

**a.     Rule 8**

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint include only "a short and plain statement of the claim showing that the pleader is entitled to relief."  *Id.*  In *Conley v. Gibson*, 355 U.S. 41 (1957), the Supreme Court further explained:

> The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim.  To the contrary, all the Rules require is 'a short and plain statement of the claim' that will give

> the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.

*Id.*, at 47 (footnote omitted).  The Court, however, need not assume that Plaintiffs can prove facts that were not alleged in the complaint, *see City of Pittsburgh*, 147 F.3d at 263; and Plaintiffs must set forth information from which each element of their claims may be inferred.  *See Kost*, 1 F.3d at 183.

Reading the complaint in the light most favorable to Plaintiffs, I find that Plaintiffs have adequately alleged information from which a duty of care owed by Defendants Sandvik, PEXCO, Sandvik Extruded Tube, and SEXTI to Plaintiffs could be inferred.  In particular, Plaintiffs allege that: Defendants are business entities who operated plants at the Ivy Industrial Park (Doc. 9, ¶¶ 4-6); Plaintiffs' home was located less than a mile from Defendants' plants (Doc. 9, ¶ 3); Defendants used TCE and PCE in their operations (Doc. 9, ¶ 17); and each Defendant had actual knowledge that surrounding water sources may have been contaminated (Doc. 9, ¶ 59).  These allegations are sufficient to satisfy the liberal pleading requirements set forth in Rule 8.

Therefore, Defendants Sandvik, PEXCO, Sandvik Extruded Tube, and SEXTI's motions to dismiss will be denied with respect to Plaintiffs' common law negligence claims.  Plaintiffs are entitled to offer evidence in support of their claims for common law negligence.

**3.    Count II - Hazardous Sites Cleanup Act**

Defendants, next, argue that Plaintiffs have failed to comply with the 60-days notice requirement applicable to "citizen suits" under Section 1115 of the HSCA, and are therefore barred from raising a claim under Section 1115.  *See* 35 PA. CONS. STAT. § 6020.1115(b). Plaintiffs counter that they are seeking only the relief available to private plaintiffs set forth in Sections 702 and 1101 of the HSCA.  Sections 702 and 1101 of the

HSCA have no notice requirement.  *Two Rivers Terminal, L.P. v. Chevron USA, Inc.*, 96 F. Supp. 2d 426, 429 (M.D. Pa. 2000).  Therefore, Plaintiffs are entitled to raise their claims under Sections 702 and 1101, and will be entitled to seek those damages available under Section 702.

**4.    Damages**

Section 702(a) of the HSCA only authorizes two categories of damages for private litigants:

> 3.  Other reasonable and necessary or appropriate costs
> of response incurred by any other person;
>
> *    *    *
>
> 5.  The cost of a health assessment or health effects
> study.

35 PA. CONS. STAT. § 6020.702(a)(3),(5); *F.P. Woll & Co. v. Fifth and Mitchell Street Corp.*, No. 96-5973, 2005 WL 1592948, at *3 (E.D. Pa. July 1, 2005).  Under Section 702, therefore, "a private party like the plaintiff[s] may recover 'reasonable and necessary or appropriate' response costs, but is not authorized to recover compensatory damages, including lost property value."  *F.P. Woll & Co.*, 2005 WL 1592948, at *3.

**a.    Statutory & Treble Damages**

Defendants argue that Plaintiffs' requests for "statutory" and treble damages should be dismissed because Section 702(a) of the HSCA does not provide for the recovery of such damages.

Plaintiffs indicated that they would withdraw their claim for treble damages and that claim is not included in Plaintiffs' proposed Second Amended Complaint.  Therefore, Plaintiffs claim for treble damages is withdrawn.  Second, Plaintiffs respond that "statutory" refers to damages available under the HSCA.  As discussed, Section 702(a) of the HSCA authorizes two categories of damages for private litigants.  Therefore, Plaintiffs

are entitled to seek those damages available under the statute.

### b. Recovery of Relocation Costs & Diminution Damages

Defendants, next, argue that Plaintiffs claims for recovery of relocation costs and diminution damages should be dismissed because such damages are not appropriate under the HSCA.

As previously discussed, under Section 702 a private party, like the Plaintiffs, may recover "reasonable and necessary or appropriate" response costs, but is not authorized to recover compensatory damages, including lost property value. *F.P. Woll & Co.*, 2005 WL 1592948, at *3. Therefore, Plaintiffs recovery of damages under the HSCA may not include compensatory damages. Plaintiffs may, however, seek compensatory damages under their common law negligence claims.

### c. Health Assessments or Health Effects Studies

Defendant SEXTI also argues that Plaintiffs' claims for the costs of health assessments or health effects studies should be dismissed because they are speculative. Unlike compensatory damages, Section 702 expressly authorizes Plaintiffs to seek the costs of a health assessment or health effects study. 35 PA. CONS. STAT. § 6020.702(a)(5). Therefore, reading the complaint in the light most favorable to Plaintiffs, I find that Plaintiffs have adequately placed Defendants on notice of their claims and are entitled to seek the costs of health assessments or health effects studies under Section 702 of the HSCA.

### d. Attorney's Fees and Costs

Next, Defendants argue that Plaintiffs' claims for attorney's fees and costs should

be dismissed because recovery of attorney's fees and costs is unavailable under Section 702 of the HSCA. Particularly, Defendants note that the Third Circuit Court of Appeals, in *In re Joshua Hill*, 294 F.3d 482 (3d Cir. 2002), directly examined whether litigation costs were recoverable in a private action under Section 702 of the HSCA and concluded that they were not available. The Third Circuit Court of Appeals explained:

> Whether litigation costs are recoverable depends on the statutory basis for the claim. The Pennsylvania Supreme Court has held that the citizen suit provisions of HSCA permit recovery of attorney fees. Section 6020.1115(b) provides that a court in a private citizen suit 'may award litigation costs, including reasonable attorney and witness fees, to the prevailing ... party.' *Redland Soccer Club, Inc. v. Dep't of the Army of the United States,* 548 Pa. 178, 696 A.2d 137, 147 (Pa. 1997). On the prior appeal in this case, we held that plaintiffs' complaint set forth a private cause of action for response costs, and not a citizen suit. . . .This case, therefore, is a private action for response costs under sections 702 and 1101 of HSCA. . . .While the Pennsylvania Supreme Court has not squarely addressed the question whether litigation costs are recoverable under section 702, we think that *Redland Soccer Club* strongly indicates that the court would hold that they are not. Comparison of the language of the two statutes also supports that result. Section 702 contains no provision comparable to section 1115(b), and nothing in the definition of response in section 103 is susceptible to being interpreted as including litigation.

*In re Joshua Hill*, 294 F.3d 482, 491 (3d Cir. 2002).

Plaintiffs counter that, despite the precedential weight of the Third Circuit Court of Appeals' decision, this Court should nevertheless hold that attorney's fees are recoverable under suits for response costs under Section 702. In support of their argument, Plaintiffs contend that the Supreme Court of Pennsylvania's decision in *Redland* appears to support a contrary conclusion from that reached by the Third Circuit

Court of Appeals in *In re Joshua Hill*. I disagree.

The *Redland* decision dealt with a claim brought under Section 1115 of the HSCA. *Redland,* 696 A.2d 137, 147 (Pa. 1997) ("Section 6020.1115 is the only section of HSCA that authorizes citizen suits, and thus, it is the only section under which the Redland Plaintiffs could have brought suit."). The *Redland* court, further, concluded that the plaintiffs were entitled to seek relief available to private parties under Section 702 and could recover litigation costs under Section 1115(b). *Id.* Given the above, I find no indication in *Redland* that the Pennsylvania courts would allow recovery of litigation costs under Section 702. Therefore, I find no reason to stray from the established precedent in *In re Joshua Hill*.

As discussed previously, in the present suit, Plaintiffs claims arise only under Section 702 and 1101 of the HSCA. Plaintiffs are not entitled to seek relief available under Section 1115 of the HSCA. Therefore, Plaintiffs claims for attorney's fees and costs will be dismissed.

   e.   **Punitive Damages**

Finally, Defendants argue that Plaintiffs claims for punitive damages are not authorized under the HSCA and, further, Plaintiffs allegations in the Amended Complaint do not support a claim for punitive damages under their common law negligence claims. Plaintiff acknowledges that punitive damages are not available under the HSCA, but counter that they have adequately plead a claim for punitive damages under their common law negligence claims against the Defendants. I agree with the Plaintiffs.

Reading the complaint in the light most favorable to Plaintiffs, I find allegations,

that if proven true, would support a claim for punitive damages.  Further, it is well settled law in Pennsylvania that the decision of whether to award punitive damages and the amount to be awarded are within the discretion of the fact finder.  *See Delahanty v. First Pennsylvania Bank*, 464 A.2d 1243, 1263 (Pa. Super. Ct. 1983); *see also Dean Witter Reynolds, Inc. v. Genteel*, 499 A.2d 637, 642 (Pa. Super. Ct. 1985).  Therefore, Plaintiffs are entitled to offer evidence in support of their claims for punitive damages pursuant to their common law negligence claims.

## CONCLUSION

First, although the Court generally will not entertain a surreply brief filed without leave from the Court, and despite the unusual manner of requesting leave to amend their complaint, I find that the interests of justice require that I grant Plaintiffs' request.  I find no indication, in the present case, that granting Plaintiffs' request will result in undue prejudice to Defendants.  Therefore, I will grant Plaintiffs' request and the Clerk of Court will be directed to detach and file the Second Amended Complaint attached to Plaintiffs' Surreply Brief (Doc. 48) as Exhibit "B".  As such, Defendants' motion to dismiss will be denied to the extent it seeks dismissal of Plaintiffs' negligence claims on the basis that Plaintiffs' Amended Complaint serves as a judicial admission.

Plaintiffs' Second Amended Complaint differs from their Amended Complaint (Doc. 9) in only two ways.  First, paragraph 26 is revised to read:

> The presence of TCE and PCE found in the Blacks'
> water source occurred as a direct result of the release
> and contaminations which *originated at the Metso's.*
> *Sandvik's and/or PEXCO's facility/facilities at Ivy*
> *Industrial Park.*

13

Second, Plaintiffs have eliminated their request for treble damages. Plaintiffs' Second Amended Complaint is otherwise identical to their Amended Complaint. Therefore, I will still address the remainder of Defendants' motions to dismiss.

Second, reading the complaint in the light most favorable to Plaintiffs, I find that Plaintiffs have adequately alleged information from which a duty of care owed to Plaintiffs by Defendants Sandvik, PEXCO, Sandvik Extruded Tube, and SEXTI could be inferred. These allegations are sufficient to satisfy the liberal pleading requirements set forth in Rule 8. Therefore, Defendants Sandvik, PEXCO, Sandvik Extruded Tube, and SEXTI's motions to dismiss will be denied with respect to Plaintiffs' common law negligence claims.

Third, Plaintiffs are seeking only the relief available to private plaintiffs set forth in Sections 702 and 1101 of the HSCA. Sections 702 and 1101 of the HSCA have no notice requirement. Therefore, Plaintiffs are entitled to raise their claims under Sections 702 and 1101, and will be entitled to seek those damages included in the two categories authorized under Section 702(a). Therefore, Plaintiffs recovery of damages under the HSCA may not include compensatory damages. Plaintiffs may, however, seek compensatory damages under their common law negligence claims.

Further, unlike compensatory damages, Section 702 expressly authorizes Plaintiffs to seek the costs of a health assessment or health effects study. Therefore, reading the complaint in the light most favorable to Plaintiffs, I find that Plaintiffs have adequately placed Defendants on notice of their claims and are entitled to seek the costs of health assessments or health effects studies under Section 702 of the HSCA.

Plaintiffs claims for attorney's fees and costs, however, will be dismissed. I find no

reason to stray from the established precedent in *In re Joshua Hill*, determining that litigation costs are not authorized under Section 702 of the HSCA.

Lastly, reading the complaint in the light most favorable to Plaintiffs, I find allegations, that if proven true, would support a claim for punitive damages.  Therefore, Plaintiffs are entitled to offer evidence in support of their claims for punitive damages pursuant to their common law negligence claims.

An appropriate Order will follow.



 August 3, 2006                                         /s/ A. Richard Caputo         
Date                                                           A. Richard Caputo
                                                                    United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JAMES JEROME BLACK and MARY ALICE BLACK,<br><br>　　　Plaintiffs,<br><br>　　　　　v.<br><br>METSO PAPER USA, INC.; SANDVIK, INC.; and PENNSYLVANIA EXTRUDED TUBE COMPANY, a joint venture formed as a partnership between SMI EXTRUDED TUBE, INC. and SANDVIK EXTRUDED TUBE, INC.,<br><br>　　　Defendants. | CIVIL ACTION NO. 3:05-CV-1951<br><br>(JUDGE CAPUTO) |

## **ORDER**

　　**NOW**, this ___3rd___ day of August, 2006, **IT IS HEREBY ORDERED** that:

1. Defendant Metso Paper USA, Inc.'s Motion to Partially Dismiss Plaintiffs' Amended Complaint Pursuant to Rule 12(b)(6) (Doc. 11) is **GRANTED in part** and **DENIED in part**.

2. Defendant Pexco's Motion to Partially Dismiss Plaintiffs' Complaint Pursuant to Rule 12(b)(6) (Doc. 40) is **GRANTED in part** and **DENIED in part**.

3. Motion of Defendants Sandvik, Inc., Pennsylvania Extruded Tube Company and Sandvik Extruded Tube, Inc. to Dismiss Plaintiffs' Amended Complaint (Doc. 41) is **GRANTED in part** and **DENIED in part**.

    i. Plaintiffs are entitled to offer evidence in support of their claims for common law negligence;

    ii. Plaintiffs' HSCA claims are brought pursuant to Sections 702 and 1101 of the HSCA;

    iii. Plaintiffs' claim for treble damages is withdrawn;

      iv.      Plaintiffs are entitled to seek those damages included in the two categories authorized under Section 702(a) of the HSCA;

      v.      Plaintiffs' recovery of damages under the HSCA may not include compensatory damages,

      vi.      Plaintiffs may, however, seek compensatory damages under their common law negligence claims;

      vii.      Plaintiffs are entitled to seek the costs of health assessments or health effects studies under Section 702 of the HSCA;

      viii.      Plaintiffs' claims for attorney's fees and costs are **DISMISSED**; and

      ix.      Plaintiffs may seek punitive damages pursuant to their common law negligence claims.

4. The Clerk of Court is directed to detach the Second Amended Complaint attached to Plaintiffs' Brief (Doc. 48) as Exhibit "B" and file it of record forthwith. The Second Amended Complaint shall be deemed to have been served on the date of this Order for the purpose of determining the time for response under Fed. R. Civ. P. 15(a).

      /s/ A. Richard Caputo
      A. Richard Caputo
      United States District Judge