**EXHIBIT 1 TO JOINT MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT**

## CLASS ACTION SETTLEMENT AGREEMENT

This Settlement Agreement is made as of this _____ day of _____, 2008, by and between Defendants Sandvik, Inc., Pennsylvania Extruded Tube Company, SMI Extruded Tube Inc., and Bostik, Inc. (hereinafter collectively referred to as the "Settling Defendants"), the Plaintiffs and Settling Class Members as defined below (the "Settling Defendants," "Plaintiffs" and "Settling Class Members" being collectively referred to in this agreement as the "Parties."):

### INTRODUCTION

**WHEREAS**, the case was filed as a class action in the Court of Common Pleas of Lackawanna County as Case No. 05-3570 alleging negligence and violations of Pennsylvania's Hazardous Sites Cleanup Act ("HSCA"), 35 Pa. Stat. §6020.101 et seq.; and

**WHEREAS**, the litigation was removed to the United States District Court for the Middle District of Pennsylvania on September 27, 2005 and assigned Case No: 3:05-CV-01951; and

**WHEREAS**, Plaintiffs, among other things as reflected in the record, sought to recover property damages and other damages in the litigation against Settling Defendants and Metso Paper USA, Inc. as a result of groundwater contamination in the "Affected Area;" and

**WHEREAS**, in light of the allegations, defenses asserted and record established in the case, the Plaintiffs and the Settling Defendants recognize that there are substantial uncertainties with respect to this litigation and have independently determined that settlement of all the Plaintiffs' claims and allegations as set forth herein is a fair and reasonable result for the Plaintiffs, the Settling Class Members, and the Settling Defendants; and

1

328440.1

**WHEREAS**, this Settlement Agreement has been arrived at on the basis of arms length negotiations between Class Counsel and counsel for the Settling Defendants;

**NOW THEREFORE**, it is agreed by the undersigned, on behalf of Settling Defendants and the Plaintiffs, that all claims of the Plaintiffs and the Settling Class Members as set forth in the Complaint, including any amended Complaints, and encompassed in the underlying litigation shall be settled, compromised and dismissed on the merits and with prejudice as to both the Settling Defendants and Metso Paper USA, Inc., that the action shall be discontinued with prejudice, and that all other claims which were or could have been advanced by the Plaintiffs and the Settling Class Members against the Settling Defendants and the Non-Contributing Defendants relating to the matters alleged in the underlying litigation shall be released except as hereinafter provided, without costs to Plaintiffs or the Settling Defendants, subject to the final approval of the Court, on the following terms and conditions:

## DEFINITIONS

1.      As used in this Settlement Agreement and its exhibits, the following terms shall have the following meanings:

(a)      "Affected Area" shall mean the geographic area depicted in the boundary map of Exhibit A attached hereto.

(b)      "Claimant" shall mean a person or entity determined by the Class Administrator appointed hereunder to have executed and submitted a satisfactory Proof of Claim and Release Form which shall include a consent by current property owners to permit abandonment by Settling Defendants of any wells on the property and to allow connection by Settling Defendants of the property to a public water line.

2

(c)     "Class Administrator" shall mean the person, organization or entity recommended by the Parties to the Court to assist the Parties in the administration of the settlement.

(d)     "Class Counsel" shall mean the law firm of Feldman Shepherd Wohlgelernter Tanner Weinstock & Dodig upon approval of same by the Court to represent the Settling Class Members.

(e)     "Defendant-Related Persons/Entities" shall mean the "Settling Defendants'" present, former and future parents, partners, subsidiaries, divisions, affiliates, and stockholders, their respective officers, directors, employees, agents, any of their legal representatives (and the predecessors, heirs, executors, administrators, successors, and assigns of each of the foregoing, collectively or individually) and any other person or entity in privity with them, including but not limited to their guarantors, insurers, indemnitors and subrogors.

(f)     "Non-Contributing Defendants" shall mean Metso Paper USA, Inc. and any other potentially responsible party or person or entity alleged to be liable or responsible (apart from the "Settling Defendants") for groundwater contamination in the "Affected Area."

(g)     "Personal Injury" shall mean bodily injury, sickness or disease sustained by an individual.

(h)     "Plaintiffs" shall mean the named plaintiffs in the subject litigation, James Jerome Black and Mary Alice Black, collectively, both in their individual capacities and as representatives of the settlement class.

(i)     "Released Claims" shall mean the released claims as set forth in this Settlement Agreement.

3

(j)     "Released Parties" shall include the Settling Defendants, the Defendant-Related Persons/Entities  and the Non-Contributing Parties

(k)     "Settlement Account" shall mean the interest-bearing escrow account set forth hereinafter in this Settlement Agreement.

(l)     "Settlement Class" shall mean all persons who, at any time on or after August 1, 2005, have owned a parcel of property with a functioning groundwater withdrawal well that is located partially or fully within the Affected Area and all persons who have resided at such property for at least 365 days prior to the date of installation of activated carbon filter systems on the water supply at such property;

(m)     "Settling Class Members" shall mean all those persons in the "Settlement Class" who do not effectively opt out during the opt-out period established and implemented under the Settlement Notice Plan (Exhibit C  of this Agreement) to be approved by Order of the Court.

(n)     "Subject Litigation" shall mean the case of James Black, et al. v. Metso Paper USA, Inc., et al., pending in the United States District Court for the Middle District of Pennsylvania at Civil Action No. 3:05-CV-1951.

(o)     "Tax Assessment Value" shall mean the value of each Settlement Class property as of May 1, 2008 used by the Lackawanna County Assessors Office when assessing property taxes.

## PRELIMINARY APPROVAL

2.     The Parties agree to recommend certification of the Settlement Class, approval of Class Counsel, and approval of this Settlement Agreement by the Court and to undertake their commercially reasonable efforts, including all steps and efforts contemplated by this

4

Settlement Agreement and any other steps and efforts that may be commercially reasonable, by order of the Court or otherwise, to carry out the terms of this Settlement Agreement.

3.      Plaintiffs and Settling Defendants shall jointly move the Court, through the filing of all necessary motions, to enter an order granting preliminary approval of this Settlement Agreement, and, in connection therewith, certification of the Settlement Class, approval of Class Counsel, approval of the Notices of Proposed Settlement of Class Action to be provided to the Settlement Class, which notices are attached hereto as Attachments 1 and 2 to the Settlement Notice Plan (Exhibit C of this Agreement) (including finding the Notices of Proposed Settlement of Class Action to be adequate), appointment of a Class Administrator in connection with implementation of the settlement encompassed in this Settlement Agreement, a date for the Fairness Hearing, and a stay of all proceedings in the Litigation pending the Fairness Hearing (collectively the foregoing shall be the "Joint Motion for Preliminary Approval").

5

## APPOINTMENT OF CLASS ADMINISTRATOR

4.      (a)      The Plaintiffs and Settling Defendants agree that, in connection with the Joint Motion for Preliminary Approval, they shall recommend to the Court the appointment of A.B. Data, Ltd. to serve as the Class Administrator to assist the Parties in the administration of the settlement. If, for any reason, the Court declines to appoint A.B. Data, Ltd. or A.B. Data, Ltd. declines to serve, the Plaintiffs and Settling Defendants agree that they shall use their commercially reasonable efforts promptly to identify and recommend to the Court a mutually acceptable replacement candidate to serve as Class Administrator. The Parties agree that the Class Administrator shall have such powers as the Court shall grant, including, but not limited to, powers necessary and appropriate to implement this Settlement Agreement and in doing so to construe reasonably its purpose and intent. These powers shall include:

i)      Responsibility for evaluating the information presented by Claimants in the Proof of Claim and Release Form, attached hereto as Exhibit B of Attachment 1 to the Settlement Notice Plan (Exhibit C of this Agreement), and the nature and authenticity of the accompanying documentary or other proof presented in support, and the authority and discretion to reject those claims that are unsubstantiated. This would include, among other things, determining whether the eligibility criteria for Settling Class Members have been satisfied;

ii)      Responsibility for evaluating the Child Support Arrears Documents, attached hereto as Exhibit D of Attachment 1 to the Settlement Notice Plan (Exhibit C of this Agreement), to determine whether the documents comply with the Pennsylvania Domestic Relations Code, 23 Pa. C.S.A § 4308.1;

6

iii)     Responsibility for evaluating whether a Settlement Class Member has effectively opted out;

iv)     Simultaneously with mailing out the Notice of Proposed Settlement, pursuant to paragraph 5 herein, establishing and staffing a toll-free telephone number and web-site for inquiries and correspondence regarding the settlement, maintaining records of all inquiries and correspondence, periodically furnishing reports of the inquiries to Settling Defendants and Class Counsel, which reports shall include explanations why eligibility criteria are or are not met for individual Claimants, and upon request making the records of the inquiries and correspondence available to Settling Defendants and Class Counsel.

v)     Responsibility for maintaining a temporary office to assist Settlement Class Members as and to the extent reasonably necessary in the Class Administrator's judgment.

(b)     Any appeal of the foregoing decisions by the Class Administrator shall be to the Court, in a writing setting forth the reasons for the appeal of the decision.

(c)     In the event any Party to this agreement is unable, after reasonable efforts, to resolve any concerns or objections to the performance by A.B. Data of the duties assigned to it by the court hereunder, that party may apply to the court for any relief to which it believes it is or may be entitled, including but not limited to the termination of A.B. Data and the appointment of a substitute Class Administrator.

7

**NOTICE TO CLASS MEMBERS**

5.      In the event that the Court preliminarily approves the settlement as set forth in

this Settlement Agreement, and appoints a Class Administrator, no later than **February 16,**

**2009**, the Class Administrator shall mail out notice of the settlement in accordance with the

Settlement Notice Plan (Exhibit C of this Agreement).  Publication will be provided by the

Class Administrator as set forth in the Settlement Notice Plan (Exhibit C of this Agreement).

**SETTLEMENT IMPLEMENTATION AND DISTRIBUTION OF FUNDS**

6.      Settlement Class Members shall have sixty (60) days from the mailing of the

Notice of Proposed Settlement to opt out by providing to the Class Administrator, so that it is

received within the sixty (60) day period, a written request to be excluded from becoming a

Settling Class Member and by otherwise complying with the requirements set forth in the

Settlement Notice Plan (Exhibit C of this Agreement).  Settlement Class members who do not

effectively opt out shall automatically be included in this settlement as Settling Class Members

and may become a Claimant by meeting the filing requirements of paragraph 7 below.

7.      Settling Class Members shall have sixty (60) days from the mailing of the

Notice of Proposed Settlement to present evidence of their eligibility for participation in this

settlement by providing to the Class Administrator, so that it is postmarked within the sixty (60)

day period, a completed Proof of Claim and Release Form in the form attached as Exhibit B to

the long-form Notice of Proposed Settlement, which is Attachment 1 to the Settlement Notice

Plan (Exhibit C of this Agreement); completed Child Support Arrears Documents, in the form

attached as Exhibit C to the long-form Notice of Proposed Settlement, which is Attachment 1

to the Settlement Notice Plan (Exhibit C of this Agreement), as well as any other documentary

or other proof of eligibility required by the Class Administrator.  Settling Class Members who

8

fail to take this action within sixty (60) days of mailing of the Notice of Proposed Settlement shall be bound by the settlement, but shall not be eligible for distribution of settlement funds.

8.      In addition to any rights they may have to withdraw from the settlement under applicable law, Settling Defendants may withdraw from the settlement (1) within 45 days after the deadline for opt-outs if the Settling Defendants, within their sole discretion, determine that the number of opt-outs from the settlement would expose Settling Defendants to significant or material, additional liability for claims sought to be settled by this Settlement Agreement; (2) within 45 days if the Settling Defendants are advised by the Pennsylvania American Water Company ("PAWC") or any other entity selected to provide a piped water supply in the affected area that the number of properties with wells in the affected area that have committed to connect to the piped water supply is insufficient to make operation of the pipe water supply feasible either economically or from an engineering standpoint; or (3) within 120 days of the deadline for opt-outs if an agreement to maintain and operate the water line has not been reached with PAWC or some other water company and required government approvals obtained.

9.      If Settling Defendants withdraw from the settlement for any of the reasons set forth above in paragraph 8, then Settling Defendants shall receive a full refund of the amounts they contributed to the Settlement Account, established under paragraph 12 below, less the costs deducted from Settling Defendants' deposit into the Settlement Account for costs of notice to Settlement Class Members, the service of the Class Administrator and other approved administrative costs to the date of that withdrawal.

10.     Unless this Settlement Agreement terminates pursuant to paragraph 8 above, Plaintiffs and Settling Defendants agree to seek final approval of the settlement and Settlement

9

Agreement before the Court in a Fairness Hearing.  At the Fairness Hearing, the Court shall address all matters as required by F.R.C.P. 23 with respect to the settlement, including any timely objections thereto.  The settlement and Settlement Agreement shall become final upon occurrence of the last of the following three categories of events, each of which is an independent condition to such finality:

(a)  Following the Fairness Hearing, the settlement and Settlement Agreement are approved in all respects by the Court as required by F.R.C.P. 23;

(b)  Either:

i)  There have been no objectors who have complied with the requirements for lodging objections as set forth in the Settlement Notice Plan (Exhibit C of this Agreement) and no appeal has been filed; or

ii)  There have been objectors who have complied with the requirements for lodging objections as set forth in the Settlement Notice Plan (Exhibit C of this Agreement), and the time for appeal or to seek permission to appeal from the Court's approval of the settlement as described in subparagraph (a) hereof has expired and no appeal has been filed; or

iii)  The Court's approval of the settlement as described in subparagraph (a) hereof has been appealed, approval of this settlement and the final judgment have been affirmed (and without consideration as to whether the amount of any award of attorneys' fees or costs to Class Counsel may have been reversed or modified) by the Court of last resort to which such appeal has been taken and such affirmance has become no longer the subject of further appeal or review; and

10

(c)     Settling Defendants have received from the Class Administrator all properly executed and effective Proof of Claim and Release Forms, and all properly executed and effective Child Support Arrears Documents required to be submitted under paragraph 7 above.

11.     Subject to the provisions hereof, and in full, complete, and final settlement of the Litigation and all claims of the Settling Class Members, Settling Class Members and Settling Defendants have agreed to the following:

a)     Each Claimant shall permit Settling Defendants to disconnect and decommission the groundwater production well or wells on each Claimant's property, remove and retain any water filtration system previously installed by any Settling Defendants or the Non-Contributing Defendant, and connect each Claimant's property to a public water line (the "Work"). Should Settling Defendants cause any physical damage to a Claimant's property or improvements located on the property as a result of the Work, then the Settling Defendants will repair the damage and restore the affected portion of the property to as near as is reasonably practical to the physical condition in which Settling Defendants found it before the damage occurred (except that the abandoned well or wells will be left inoperable). Upon the connection of a Claimant's property to the public water line, each Claimant shall execute a Water Service Application form from PAWC and any other documents that Settling Defendants or PAWC reasonably deem necessary or appropriate in connection with the Work and that are consistent with the terms of this Settlement Agreement. Notwithstanding any statements in the Water Service Application to the contrary, Settling Defendants shall pay the PAWC fee to establish the account; pay for the installation of the required copper tubing

11

service pipe from the curb at the edge of the pavement; pay for and install a pressure reducing valve, if necessary; and pay for and install a water meter pit, if necessary.

b)      Each Claimant who is a current owner of a property shall execute an access agreement consistent with the form attached hereto as Exhibit E of Attachment 1 to the Settlement Notice Plan (Exhibit C of this Agreement).

c)      Upon the connection of a Claimant's property to the public water line, Each Claimant who is a current owner of a property shall execute and permit Settling Defendants to record a restrictive covenant for each Claimant's property partially or fully within the Affected Area consistent with the from attached hereto as Exhibit F of Attachment 1 to the Settlement Notice Plan (Exhibit C of this Agreement).

d)      Settling Defendants shall pay all reasonable settlement administration costs, including the costs of the Class Administrator and notice costs related to the settlement of the Litigation.

e)      Class Counsel shall receive from the Settling Defendants attorneys' fees in the amount of 30% of the total amount of the settlement proceeds distributed to the Settlement Class plus $50,000 in reimbursement of costs, to be paid in addition to and not out of the settlement proceeds paid to the Settlement Class.

f)      For each property partially or fully within the Affected Area that had a functioning well at any time since August 1, 2005, Settling Defendants will make monetary payments per property to Claimants based upon the following categories:

12

| CATEGORY | SETTLEMENT PAYMENT |
|---|---|
| i) Any property partially or fully within the Affected Area at which TCE and/or PCE has ever been detected in its well water at concentration of 5 ppb or higher; | $16,000 plus 5% of most recent Tax Assessment Value as of 5/1/08 to the owner (or if multiple owners) and $100 to each non-owner person who has resided at the property for at least 365 days in total prior to installation of activated carbon filter systems on the water supply system at the property |
| ii) Any property partially or fully within the Affected Area at which TCE and/or PCE has ever been detected in its well water, but never a concentration of 5 ppb or higher; | $8,000 plus 5% of most recent Tax Assessment Value as of 5/1/08 to the owner (or if multiple owners, collectively to all of the owners) and $100 to each non-owner person who has resided at the property for at least 365 days in total prior to installation of activated carbon filter systems on the water supply system at the property |
| iii) Any property partially or fully within the Affected Area which has never had a detection of TCE or PCE in its well water. | $4,000 plus 5% of most recent Tax Assessment Value as 5/1/08 to the owner (or if multiple owners, collectively to all of the owners). |

g)      In addition to their entitlement to payments as described in paragraph 11(c) above, the named plaintiffs shall receive a payment from Settling Defendants in the amount of $10,000 collectively for their services as class representatives, which service included, among other things, meetings and consultations with class counsel.

12.      (a)      Settling Defendants agree that within fifteen (15) days after the Court's preliminary approval of the settlement and Settlement Agreement, they will deposit into an interest-bearing escrow account at First Wisconsin Bank & Trust, 175 North Patrick Blvd., Brookfield, WI 53045 (the "Settlement Account") an initial payment of one hundred thousand dollars ($100,000). Settling Defendants will file a Proof of Deposit with the Court upon making the deposit. The Settlement Account shall be administered by the Class Administrator on behalf of

13

Class Counsel.  The Class Administrator may draw from the Settlement Account to cover administrative expenses, including the costs of notice and other costs incurred in performing the duties of administration of this settlement.  Any interest income generated by the Settlement Account shall accrue for the benefit of the Settling Defendants, and may be used by the Settling Defendants at their option to diminish the amounts necessary for them to contribute to the Settlement Account in satisfaction of the obligations undertaken herein.  The Class Administrator may draw from the Settlement Account for reimbursement of fees and settlement administration costs paid by the Class Administrator and others prior to establishment of the Settlement Account.  Class Counsel will file with the Court and serve on Settling Defendants monthly reports of activity in the Settlement Account.

(b)     The Parties agree that the Settlement Account is intended to be, and shall be treated as being, a "qualified settlement fund" within the meaning of Treasury Regulation § 1.468B-1.  For purposes of §468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the Class Administrator shall be the Escrow Agent.

(c)     The Class Administrator and, as required, the Parties, shall timely make such elections as necessary or advisable to effect this agreed tax treatment, including the "relation-back election" (as defined in Treasury Regulation 1.468B-1) to the earliest permitted date.  The Class Administrator shall timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and shall cause the appropriate filings to occur.

14

(d)     The Class Administrator shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Account.  Such returns shall reflect that all taxes shall be paid out of the Settlement Account.

(e)     Taxes and tax expenses of the settlement funds shall be treated as, and considered to be, a cost of administration of the settlement and shall be timely paid or reimbursed by the Class Administrator out of the Settlement Account without prior order from the Court.  The Class Administrator shall reimburse Settling Defendants out of the Settlement Account for any taxes and tax expenses to which Settling Defendants are subject.  The Class Administrator shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution out of the Settlement Account any funds necessary to pay any taxes or tax expenses, including the establishment of adequate reserves for any taxes and tax expenses, as well as any amounts that may be required to be withheld under Treasury Regulation § 1.468B-2(1)(2).

(f)     It is the sole responsibility of the Settling Class Members to pay taxes, plus any penalties and interest, on any amounts received by them pursuant to the Settlement Agreement that are construed to be income, and Settling Defendants and Settling Defendants' counsel shall have no liability for such taxes, penalties or interest or for the determination thereof.

13.     After the settlement and Settlement Agreement become final as set forth in paragraph 10 above, Settling Defendants will deposit a sum to be determined by the Class Administrator as sufficient to make payments into the Settlement Account which will be owed to settling Class Members whose Proof of Claim and Release Forms have been accepted as substantiated by the Class Administrator.  Settling Defendants will file a Proof of Deposit with

15

this Court upon making the deposit. Settling Defendants agree to make additional deposits into the Settlement Account as determined by the Class Administrator if necessary to fulfill obligations to claimants. Upon approval by the court, the Settling Defendants shall pay attorneys' fees incurred on behalf of the Settlement Class in the amount of 30% of the total payments to Class Members plus $50,000 in reimbursement of costs. Settling Defendants will make payment directly to Class Counsel within the later of fifteen (15) days of the Court's Order or payments being made to Class Members.

14.     Upon deposit of the amounts set forth in paragraph 13, the Class Administrator shall promptly distribute amounts to the claimants as set forth in paragraph 11 above and in accordance of the terms of the allocation methodology attached hereto as Exhibit B of this Agreement).

15.     In the event that this settlement and Settlement Agreement do not become final pursuant to paragraph 10 above, the funds deposited into the Settlement Account, including any and all income earned thereon, shall be returned to Settling Defendants, less only (a) the Class Administrator's administration costs, and (b) in the event that Settling Defendants exercise their right to terminate this Settlement Agreement under paragraph 8 above, any settlement administration costs to be paid in accordance with paragraph 9. If funds in the Settlement Account are returned to Settling Defendants pursuant to this paragraph, any Proof of Claim and Release Form submitted pursuant to paragraph 7 above shall be of no force and effect.

16.     Settling Defendants have no liability with respect to the giving of notice of this settlement to the Settlement Class. Settling Defendants shall not be liable for any costs, fees or expenses of any Settlement Class members' respective attorneys, experts, advisors, agents, and

16

representatives, except such costs, fees and expenses which are set forth herein and approved by the Court, which shall be paid by Settling Defendants to Class Counsel.

## RELEASES

17.   (a)   In addition to, and without in any way limiting, the effect of any final judgment entered by the Court in accordance with this Settlement Agreement, upon this Settlement Agreement becoming final, Plaintiffs and the Settling Class Members shall, except as hereinafter noted, release and forever discharge Settling Defendants, Defendant-Related Persons/Entities  and the Non-Contributing Parties (collectively referred to as the "Released Parties") from all manner of claims, demands, actions, suits, causes of action, whether class, individual, or otherwise in nature, injunctive relief of any kind, punitive and other damages of any kind, whenever incurred, liabilities of any nature whatsoever, including costs, expenses, penalties, and attorneys' fees, known or unknown, suspected or unsuspected, in law or equity, that any Settling Class Member or Members, whether or not they object to the settlement and whether or not they make a claim upon or participate in the distribution of the settlement funds, whether directly, representatively, or in any other capacity, ever had, now has, or hereafter can, shall, or may have relating to the matters alleged and complained of in the Litigation, including, without limitation, any claims which have been or could have been asserted in the Litigation against the Released Parties or any one of them or are encompassed by this Settlement Agreement (the "Released Claims"); provided that with respect to claims for Personal Injury or wrongful death that occurs after the date of this settlement, Released Claims shall not include claims proximately caused by exposure to contamination or hazardous substances for which Settling Defendants are allegedly responsible and that could not have been brought prior to or at the date of this Settlement Agreement.  For avoidance of doubt, without limiting anything

17

else herein provided, Plaintiffs agree that the Released Claims include, but are not limited to, any and all claims of Plaintiffs and the Settling Class Members under HSCA, 35 Pa. Stat. § 6020.101 et seq., Pennsylvania's Storage Tank and Spill Prevention Act, (the "Tank Act"), 35 P.S. § 6021.101 et seq., common law, or any other federal, state or local environmental law or regulation, relating to the presence, migration, exposure to, investigation and cleanup of the contamination that is the subject of this settlement.

(b)     The Parties intend that the funds paid in settlement of the Litigation shall, among other things : (i) compensate the Settling Class Members for any past and/or current property damages and for property damages arising from the anticipated continued and future existence of contamination on, near or around the properties owned by Settling Class Members and any future property damages arising from same; (ii) pay, over a reasonable period of time, for the monthly water bills the Settling Class Members will be charged once they hook up to a public water line and abandon their wells; and (iii) settle claims for all other damages (including, without limitation, damages for medical monitoring and personal and bodily injury (except as provided above in paragraph 17(a) above) against the Released Parties for Settling Defendants' alleged conduct or omissions insofar as any such conduct or omissions gave rise or contributed in any way to the exposure to or existence, migration and persistence of the contamination at issue in this case.

(c)     The foregoing release is given and taken pursuant to the Pennsylvania Uniform Contribution Among Joint Tortfeasors Act, 42 Pa. Cons. Stat. Ann. § 8321 et seq. It is the intention of the Plaintiffs and the Settling Class Members not only to release the Released Parties from the Released Claims, but also (except as hereafter noted) from any liability to make contribution to any other persons or entities on account of the conduct alleged

18

in this matter or any pending or future litigation by the Settling Class Members as plaintiffs against any other persons or entities that are or may be responsible for plaintiffs' alleged injuries.

(d)     Notwithstanding anything herein which may be interpreted to the contrary, it is understood and agreed that the Settling Defendants do not intend to and are not releasing any of their claims against each other, against the Defendant-Related Persons/Entities or against the Non-Contributing Defendants. The Settling Defendants expressly reserve their rights to contest the degree to which they or any Non-Contributing Defendant is/are responsible for the contamination of the Affected Area, to contend that their contribution to the settlement contemplated herein is in excess of their pro rata share of the liability common to themselves and any Non-Contributing Defendant, to assert any claim of any nature they may have against one another or any Defendant-Related Person/Entity and to commence any form of action or proceeding available to them to recoup that portion of their monetary contribution to the settlement that is in excess of their pro rata share of responsibility or to obtain any other monetary or non-monetary relief to which they may be entitled.

(e)     In consideration of all the terms of this Settlement Agreement, as a condition to receipt of any distribution from the Settlement Account, and prior to receipt of such funds, all Claimants will execute a written general release in the form set forth in the Proof of Claim and Release Form attached hereto as Exhibit B of Attachment 1 to the Settlement Notice Plan (Exhibit C of this Agreement) agreeing that he or she shall hereafter not assert or seek to establish liability against any Released Party based, in whole or in part, upon any of the foregoing Released Claims. Any Settlement Class member who has failed to

19

become a Claimant, and any Settlement Class member who has failed effectively to opt out shall be bound by the release provided for herein.

## TERMINATION

18.     In the event this Settlement Agreement does not become final for any reason (including without limitation as the result of Settling Defendants having withdrawn from the Settlement Agreement pursuant to paragraph 8 above), then except for the return of the funds set forth previously under Paragraph 9, (a) this Settlement Agreement shall be canceled and terminated and shall become null and void; (b) all terms and conditions herein shall be treated as if they never existed and shall not be admissible in any court proceeding for any purpose other than to effectuate any post-termination provisions herein; and (c) Settling Defendants and Plaintiffs expressly reserve all of their rights. In such instance, any funds advanced by the Settling Defendants shall be administered as set forth in Paragraph 9, above.

19.     Regardless of whether this Settlement Agreement becomes final against Settling Defendants, this Settlement Agreement (including its exhibits), and any and all negotiations, discussions, statements, and representations of fact or opinion, and documents associated with it:

(a)     Are not intended as, deemed to be, or construed as an admission or evidence of any violation of any statute or law; or of any liability or wrongdoing by Settling Defendants, or of the truth of any of the claims or allegations made in this case; and

(b)     Shall not be discoverable or admissible into evidence in any litigation (including the Subject Litigation) or any proceeding by Plaintiffs and/or any member of the Settlement Class (including anyone who opts out of the Settlement Class) against the Settling Defendants for any purpose whatsoever (other than to enforce the terms of this Settlement

20

Agreement). The Settling Defendants reserve the right to use this agreement for any legally permissible purpose in the event of litigation between any of them or with the Defendant-Related Persons/Entities.

20.    Settling Defendants and Plaintiffs expressly reserve all of their rights if the settlement does not become final in accordance with the terms of this Settlement Agreement.

## MISCELLANEOUS PROVISIONS

21.    Class Counsel represent that they have not advised, counseled or represented any opt-out member for purposes of maintaining an individual suit against Settling Defendants after the settlement. This Settlement Agreement is intended to be a final and binding resolution of Settling Defendants' liability to all Settling Class Members for all claims herein settled and released and, to the extent permitted by law, of Settling Defendants' liability to all other persons and entities, including opt-outs.

22.    This Settlement Agreement contains an entire, complete and integrated statement of each and every term and provision agreed to by and among the Parties; it is not subject to any condition not provided herein. This Settlement Agreement shall not be modified in any respect except by a writing executed by all the Parties hereto.

23.    Any inconsistency between this Settlement Agreement and the exhibits attached hereto shall be resolved in favor of this Settlement Agreement.

24.    None of the Parties hereto shall be considered to be the drafter of this Settlement Agreement or any provision hereof for the purpose of any statute, case law, or rule of interpretation or construction that would cause any provision to be construed against the drafter hereof.

25.    All terms of this Settlement Agreement and the exhibits hereto shall be governed by and interpreted according to the substantive laws of the Commonwealth of Pennsylvania without regard to its choice of law or conflicts of laws principles.

26.    Settling Defendants, the Plaintiffs, and the Settling Class Members hereby irrevocably submit to exclusive jurisdiction of the United States District Court for the Middle District of Pennsylvania solely for the purposes of any suit, action, proceedings or dispute arising out of or relating to this Settlement Agreement or the applicability of this Settlement Agreement and the exhibits thereto.

27.    This Settlement Agreement may be executed in counterparts.  Facsimile and electronic signatures shall be construed as valid signatures as of the date thereof, although the original pages shall thereafter be appended.  Each Party to this Settlement Agreement represents and warrants that the person(s) executing this Settlement Agreement on its behalf are authorized to do so.  Unless otherwise explicitly stated in this Settlement Agreement, no person or persons signing below shall be individually or collectively liable for the obligations hereunder of the Party or Parties on whose behalf they have executed this Settlement Agreement.

**FOR PLAINTIFFS AND SETTLING CLASS MEMBERS**

Class Counsel

By: _(signature)_

Date: 10/21/08


**FOR SETTLING DEFENDANTS**

By: _(signature)_    ON BEHALF OF SANDVIK, INC AND PENNSYLVANIA EXTRUDED TUBE COMPANY

Date: 10/29/2008

22

329845.1

By: _____   ON BEHALF OF BOSTIK, INC.

Date: 10/29/08

By: _____   on behalf of SME Extruded Tube Inc.

Date: 11/6/08

23