IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES JEROME BLACK and<br>MARY ALICE BLACK, h/w<br><br>v.<br><br>METSO PAPER USA, INC.<br>   and<br>SANDVIK INC.<br>   and<br>PENNSYLVANIA EXTRUDED TUBE<br>COMPANY, a joint venture formed as a<br>partnership between SMI EXTRUDED<br>TUBE, INC. and SANDVIK<br>EXTRUDED TUBE, INC.<br>   and<br>BOSTIK, INC. | :<br>:<br>:<br>:  No. 3:CV-05-1951<br>:  (Judge A. Richard Caputo)<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## ORDER GRANTING PRELIMINARY APPROVAL
## OF CLASS ACTION SETTLEMENT

This matter having come before the Court on the parties' Joint Motion for Preliminary Approval of Class Action Settlement filed by Plaintiffs and Defendants Sandvik, Inc., Pennsylvania Extruded Tube Company, SMI Extruded Tube, Inc., and Bostik, Inc. ("Settling Defendants") (hereinafter collectively referred to as the "Parties"), and the Court having reviewed the matter, it is

**ORDERED AND ADJUDGED:**

1. The Joint Motion for Preliminary Approval of Class Action Settlement is granted and the terms and conditions of the settlement, as set forth in the Settlement Agreement and Exhibits attached to this Order, are preliminarily approved.

2. The Settlement Class described on Exhibit A to the Settlement Agreement is certified in accordance with F.R.C.P. 23(b)(3) and preliminarily approved. The Parties are authorized to proceed with notice in accordance with the Settlement Notice Plan attached as

Exhibit C to the Settlement Agreement. The Court specifically approves the Settlement Notice Plan and finds that the Plan and the long and short-form notices attached thereto provide adequate notice which is consistent with due process.

3.  The following firm is approved as Class Counsel and the Court finds that they will adequately and fairly represent the Settlement Class: Feldman Shepherd Wohlgelernter Tanner, Weinstock & Dodig.

4.  AB. Data Ltd. is appointed to serve as the Class Administrator for implementation of the settlement. The Allocation Methodology attached as Exhibit B to the Settlement Agreement is preliminarily approved for use by the Class Administrator. In addition to implementing the Settlement Notice Plan, the Class Administrator will be responsible for:

   a.  Evaluating the information presented by Black Claimants in the Proof of Claim and Release Form and the nature and authenticity of the accompanying documentary or other proof presented in support, and exercising the authority and discretion to reject those claims that are unsubstantiated. This would include, among other things, determining whether the eligibility criteria for the Settling Class Members have been satisfied;

   b.  Determining and processing the amount to be distributed to each Claimant utilizing the methodology set forth in Exhibit B attached to the Settlement Agreement;

   c.  Evaluating whether a member of the Settlement Class has effectively opted out;

   d.  Simultaneously with mailing out the Notice of Proposed Settlement, establishing and staffing a toll-free telephone number and web-site for inquiries and correspondence regarding the settlement, maintaining records of all inquiries and correspondence, periodically furnishing reports of the inquiries to Settling Defendants and Class

Counsel, and upon request making the records of the inquiries and correspondence available to the Settling Defendants and Class Counsel; and

   e. Maintaining a temporary office to assist Class Members as and to the extent reasonably necessary in the Class Administrator's judgment.

5. An incentive award in the amount of $10,000 total, to be paid by settling defendants, is approved for the named Plaintiffs: James Jerome Black and Mary Alice Black. The Court finds that the award is appropriate given the named Plaintiffs' service as class representatives. The Court finds further that the amount of the award is fair and reasonable and falls within the range of awards routinely accepted by courts in cases such as this one.

6. The Court holds that nothing in the Settlement Agreement, the Court's approval thereof or the distribution of settlement funds as proposed or conducted shall be considered to be approval or agreement with any of Plaintiffs' allegations in Plaintiffs' Complaint.

7. This preliminary approval of the settlement is subject to final approval and determination by the Court as to its fairness, reasonableness, and adequacy. A Fairness Hearing is set for August 18, 2009, at which the Court will hear from counsel for the Parties and any objectors to the settlement. At the Fairness Hearing, the Court will also consider any petition filed by Class Counsel for attorneys' fees and costs.

8. All proceedings in this litigation, including the issuance of rulings on pending matters, discovery, and pretrial deadlines, are stayed through the Fairness Hearing scheduled for August 18, 2009.

  **DONE AND ORDERED** at Wilkes-Barre, Pennsylvania this 23rd day of January, 2009.

                 **HONORABLE A. RICHARD CAPUTO**

AGREED TO:

_____/s/_____
Attorneys for Plaintiffs
ALAN M. FELDMAN, ESQUIRE
THOMAS MORE MARRONE, ESQUIRE
Feldman, Shepherd, Wohlgelernter
Tanner, Weinstock & Dodig
1845 Walnut Street, 25th Floor
Philadelphia, PA 19103
215-567-8300

_____/s/_____
Attorneys for Sandvik, Inc. &
Pennsylvania Extruded Tube Company
JOHN J. McALEESE, ESQUIRE
Morgan, Lewis & Bock-ins LLP
1701 Market Street
Philadelphia, PA 19103
215-963-5094

- and -

_____/s/_____

Attorneys for Bostik, Inc.
JONATHAN DRYER, ESQUIRE
Wilson, Elser, Moskowitz, Edelman
& Dicker, LLP
Suite 1130 East, The Curtis Center
Independence Square West
Philadelphia, PA 19106
215-627-6900

- and -

_____/s/_____

Attorneys for Bostik, Inc.
KENNETH M. KASTNER, ESQUIRE
Hogan & Hartson LLP
555 Thirteenth Street, NW
Washington, DC 20004
202-637-5653

- and -

_____/s/_____

Attorneys for SMI Extruded Tube, Inc.
JOHN C. McMEEKIN, II, ESQUIRE
Rawle & Henderson
The Widener Bldg., One South Penn Square
Philadelphia, PA 19107
215-575-4324